UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ETTORE MAZZEI,<br><br>                Plaintiff,<br><br>      v.<br><br>NEW YORK CITY DEPARTMENT OF CORRECTION, OFFICER HOGAN, JOHN DOE, JANE DOE, and NEW YORK STATE OFFICE OF THE CAPITOL, and NEW YORK CITY CORPORATION COUNSEL,<br><br>                Defendants. | **MEMORANDUM AND ORDER**<br>No. 25-cv-4541 (NRM) (CLP) |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Ettore Mazzei, who is currently detained on Rikers Island, filed this *pro se* civil rights action on August 12, 2025. ECF No. 1. For the reasons that follow, the complaint is dismissed, with leave to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

In the space on the form complaint to identify the legal basis for the claim, Plaintiff checks the box for "Violation of my federal constitutional rights." ECF No. 1 at 2.[1] The complaint alleges a litany of problems Plaintiff has faced during his detention at Rikers Island, including "medical malpractice," "medical records

---

[1] The complaint is filed on a form complaint and includes additional pages. For ease of reference, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

forged," failure to provide adequate recreational opportunities, inadequate access to the law library, limitations on mail service, and various other conditions that he believes to be "environmental hazard[s]." *Id.* at 4-5.

Plaintiff does not identify any individuals who may be responsible for these alleged harms. He claims that he was assaulted on August 28, 2024 because "Officer Hogan NYC DOC officer on duty in NIC 6B allowed assault to happen and continue due to discrimination and prejudice against plaintiff." *Id.* at 5. He does not describe any specific acts or omissions of Officer Hogan. Plaintiff states that he was assaulted by another inmate on August 1, 2025. *Id.* at 5. He alleges that a "strategic response team" searched his person and his belongings on November 21, 2024 and took his mail, including "privileged mail to his attorney," and subsequently contacted his attorney about "mail I send to him." *Id.* at 5. He claims that his phone calls are monitored and that the Richmond County District Attorney, the New York Police Department, and the New York City Department of Correction "use plaintiff's conversation against him in violation of the law." *Id.* at 6. He states that New York State's courts' "procedure and actions are arbitrary and capricious at best and have discriminated against plaintiff being a prisoner." *Id.* at 6. He claims that "all defendants" have discriminated against him on the basis of "his age 62, color (white) race and national origin (Italian, American)." *Id.* at 7.

Plaintiff requests $8 million in damages and injunctive relief, including access to recreation, law library, mail service, a proper mattress, smoke-free living spaces, and "proper staff and supervision in housing area and dorms." *Id.* at 6.

2

Plaintiff states that he previously filed a notice of claim with the New York City controller and filed claims in a New York State court, but planned to abandon that action after the Bronx County Supreme Court denied his request to proceed *in forma pauperis*. *Id.* at 4.

## **DISCUSSION**

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d

3

99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983. In order to maintain a civil rights action under Section 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Further, a plaintiff seeking to recover money damages under Section 1983 must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). A municipality can be liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' caused the alleged constitutional injury." (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality without showing that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

This complaint fails to state a claim under Section 1983. Plaintiff mentions multiple components of his detention that he does not like, but he has not alleged that any individual state actor was responsible for any act or omission that violated his constitutional rights. He does not allege that the City of New York or the New York City Department of Correction operated under some municipal policy or custom that caused the deprivation of his constitutional rights. The only individual defendant he names, Officer Hogan, is vaguely alleged to have "allowed assault to happen and continue due to discrimination and prejudice," but Plaintiff has not described any specific acts or omissions by this Defendant that violated Plaintiff's rights. ECF No. 1 at 5.

Prisoners and detainees do have constitutionally protected rights to be held under humane conditions of confinement, including access to adequate food, clothing, shelter, medical care, and security. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Humane conditions of confinement are guaranteed by the Eighth Amendment's prohibition against cruel and unusual punishment of convicted prisoners, while the Due Process Clause of the Fourteenth Amendment protects pretrial detainees held in state custody. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). A claim for inhumane conditions of confinement may assert a constitutional deprivation where it alleges "unquestioned and serious deprivation of basic human needs" or denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Inadequate medical treatment may also give rise to a constitutional deprivation where a prisoner alleges "acts or

5

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). A plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). He must also show that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986) (finding that due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (finding that although official's negligence led to serious injury, the Constitution requires no procedure to compensate injury arising from negligence). Claims for negligence may arise under state law, but not in federal court.

In light of the Court's duty to liberally construe the pleadings of *pro se* litigants, Plaintiff is granted leave to amend his complaint. In order to establish a claim under the Fourteenth Amendment, he must provide details that show that individual officials were aware of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. He must describe the specific incidents which he believes may have violated his constitutional rights,

including dates, locations, and the individuals who were involved. He must explain what each official did or failed to do in violation of his civil rights. Even if Plaintiff does not know the names of these individuals, he may identify each of them as John Doe Correctional Officer or Jane Doe Medical Staffer, or the like, and provide any known identifying information.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, he is granted leave to file an amended complaint within 30 days as directed by this Order. Any amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. Plaintiff is reminded that an amended complaint completely replaces all prior pleadings. No further summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed, and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff.

SO ORDERED.

                                                                              */s/ Nina R. Morrison*
                                                                              NINA R. MORRISON
                                                                              United States District Judge

Dated:       November 23, 2025
               Brooklyn, New York